**STATE OF LOUISIANA, et al.**

v.

**The Honorable Manuel LUJAN, Secretary, United States Department of the Interior.**

Civ. A. No. 91–2910.

United States District Court,
E.D. Louisiana.

Aug. 16, 1991.

William Guste, Jr., Atty. Gen., Baton Rouge, La., for plaintiffs.

Stephen Mark Gallinghouse, U.S. Atty., New Orleans, La., for defendant.

BEER, District Judge.

This matter is presently before the Court on the motion of plaintiffs for a temporary injunction to enjoin proposed OCS Sale 135 scheduled to be held August 21, 1991. After a consideration of the evidence presented, the argument of counsel, and a review of the applicable law, it is the opinion of this Court that the motion for temporary injunction must be denied.

In *Canal Authority v. Callaway,* 489 F.2d 567 (5th Cir.1974) the Fifth Circuit held that "a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." In order to prevail the plaintiff must meet four prerequisites by showing: 1) a substantial likelihood that the plaintiff will prevail on the merits; 2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; 3) that the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendants; and 4) that

the granting the preliminary injunction will not disserve the public interest. *Id.* at 572.

In addressing the first of the four factors, likelihood of success on the merits, I find that the plaintiffs have failed to carry their heavy burden.

Initially, the Court notes that in determining the applicable standards for reviewing the agency's actions, the Court is governed by the Administrative Procedure Act, 5 U.S.C. § 701. *Avoyelles Sportsmen's League v. Marsh,* 715 F.2d 897 (1983). In general the Act provides that a court shall set aside agency findings, conclusions, and actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or that fail to meet statutory, procedural or constitutional requirements. 5 U.S.C. §§ 706(2)(A), (B), (C) & (D).

This court may therefore find for that plaintiffs have a substantial likelihood of success on the merits only if I find that the state has demonstrated that it can show that the actions of the secretary were arbitrary or were otherwise not in accordance with law.

The plaintiffs have presented three claims, two based on the Coastal Zone Management Act, and one based on the National Environmental Policy Act.

■ As to the Coastal Zone Management Act, the Court first notes that defendants and intervenors strongly contend that plaintiff's claims in this regard are procedurally defective, in that plaintiff failed to timely raise these issues in accordance with the applicable regulations. Defendants are correct that the Code of Federal Regulations, specifically 15 C.F.R. §§ 930.42(a) and 930.42(b), does contain specific regulations regarding the timing, specificity, and sufficiency of any objections to be made by the state. Although Mr. Gomez's May 14, 1991 letter does not meet the requirements specified in the regulations, and although the regulations do employ mandatory language, it is unclear if failure to comply with such regulations should be interpreted to constitute a complete bar to any subsequent challenge to the legality of the agency's actions. Absent some clear indication

that such default does act as a complete bar, this Court is unwilling to consider the plaintiffs' failure to make an adequate or timely objection to be a bar to subsequent legal action. However, it should be noted that this Court does consider the plaintiffs extreme delay in making its objections, to be one of the compellingly relevant factors in its consideration of the plaintiffs ultimate ability to carry the heavy burden necessary to prevail on the merits.

■ As to the merits of plaintiffs contentions under the Coastal Zone Management Act, plaintiffs argue that the Department of the Interior had the burden under the Act of demonstrating that the sale is consistent with Louisiana's Coastal Zone Management Program. La.R.S. 49:214.21 et seq. Plaintiffs argue that the Department has failed to do that in that the consistency determination does not adequately address the concerns outlined in the state program, and fails therefore as a matter of law to constitute a proper "consistency determination."

The requirement for making a consistency determination for federal agency activity are set forth in the Code of Federal Regulations, which provides:

> The consistency determination shall include a brief statement indicating whether or not the proposed activity will be undertaken in a manner consistent to the maximum extent practicable with the management program. The statement must be based upon an evaluation of the relevant provisions of the management program. The consistency determination shall also include a detailed description of the activity, its associated facilities, and their coastal zone effects, *and comprehensive data and information sufficient to support the Federal agency's consistency statement.* The amount of detail in the statement evaluation, activity description and supporting information shall be commensurate with the expected effects of the activity on the coastal zone. 15 C.F.R. § 930.39(a).

■ Despite the evidence submitted by the state that the consistency determina-

tion was inadequate, or improperly analyzed the state program, given its limited scope of review, this Court cannot find that the plaintiffs have demonstrated or have a substantial likelihood of demonstrating that the consistency determination did not contain "sufficient information to support" the agency's determination. The consistency determination is not required to contain sufficient information to convince the State of Louisiana, or for that matter this Court, that the lease-sale is consistent with state law, it must only contain sufficient information to *support* such a finding, and here, I find that the consistency determination meets that requirement.

█ In addition to contesting the adequacy of the procedural demonstration of consistency made by the Department of the Interior, the plaintiffs contend that the sale is in fact inconsistent with the state's coastal management plan, and is therefore contrary to law. To succeed on such a claim plaintiff's must demonstrate not only that the proposed sale is inconsistent with state law, but also that the secretary's finding to the contrary, based on the evidence before him, was arbitrary and capricious.

In support of that claim plaintiffs put forward some convincing testimony that the lease-sale could have significant environmental impacts on Louisiana, specifically the coastal wetlands. The state argues that the imposition of such adverse environmental impacts, absent significant mitigation, is clearly in violation of the Louisiana's Coastal Management Program.

Such evidence is, however, insufficient to meet plaintiff's burden. Even if this Court were convinced that the lease-sale was a in violation of state and, therefore, federal law, the plaintiff has still not met his burden that the secretary's decision was arbitrary and capricious. The actions and decisions of the secretary and the Department are accorded a presumption of regularity, and plaintiffs have presented no evidence that, based on the evidence presented to him, the actions of the secretary were anything but reasonable. The evidence before the secretary, *at the time the determination of consistency was made*, was suffi-

cient for him to conclude that the lease-sale was consistent with the state management scheme. Had the plaintiffs presented the evidence they have presented to this Court to the secretary before the decision was made, perhaps his decision (or my decision) would be different, but based on the record as it was then constituted the action of the secretary was not unreasonable.

█ Finally, the plaintiffs contend that the Environmental Impact Statement, prepared pursuant to the National Environmental Policy Act was inadequate in that it failed to properly estimate the resulting impact from the lease-sale, including the socio-economic impacts which the plaintiffs contend will result from the sale. In support of its claims the state presented evidence which can be characterized as presenting only spotty disagreements with the actual findings of the study and concern over the characterization or interpretation of those findings. Only in the area of the potential socio-economic impacts was there evidence that the EIS may have failed to consider or fully disclose the potential enviormental impact. Even so, the evidence put forward by Louisiana was essentially lacking in any straight forward specificity.

In reviewing NEPA challenges the Supreme Court has held that, "the role of the courts is simply to ensure that the agency has adequately considered and disclosed the enviormental impact of its actions and that its decision is not arbitrary and capricious." *Baltimore Gas and Electric Co. v. Natural Resources Defense Council*, 462 U.S. 87, 103 S.Ct. 2246, 76 L.Ed.2d 437 (1983). And in *Sierra Club v. Morton*, 510 F.2d 813, 819 (5th Cir.1975), the Fifth Circuit held that "[t]he court's task is to determine whether the EIS was compiled with objective good faith and whether the resulting statement would permit a decisionmaker to fully consider and balance the environmental factors."

Having considered all of the plaintiffs' challenges to the EIS, including the contentions of inadequate study or analysis, mischaracterization of results, failure to consider socio-economic impacts, and inaccu-

rate prediction of potential future activity, the Court cannot conclude that the plaintiffs have a substantial likelihood of demonstrating either that the EIS was not compiled in good faith or that it would not permit a decision maker to consider the environmental factors involved in the contemplated action.

Having concluded that the plaintiffs have failed to meet their burden of establishing a substantial likelihood of success on the merits, it becomes unnecessary to address other factors. The Motion for Preliminary Injunction must be and is DENIED.